LEMMON, Judge,
dissenting from the Denial of Application for Rehearing and assigning reasons.
My review of the record on application for rehearing convinces me the bank instituted and persisted in prosecuting this suit with reckless disregard for Mrs. Bolleter's rights, after determining she had not signed the note upon which the suit was based.
When Mrs. Bolleter was first contacted about the note in December, 1975, she informed Russell Mancuso (the bank’s loan adjuster) that her signature was forged. Her attorney immediately furnished specimen signatures and testified that Mancuso agreed these signatures were vastly different from that on the note.
When Mancuso was transferred, the matter was turned over to Timothy Jones, another adjuster, who requested Mrs. Bolleter’s attorney to have her furnish an “affidavit against her husband”, which she declined to do.
The matter then went to William Richard, the consumer credit officer, who authorized the filing of suit despite his admission “it was apparent the signatures were not the same”, because there was no affidavit of forgery in accordance with normal procedures.
Suit was filed in October, 1977, and after Mrs. Bolleter reconvened for damages, the bank filed a third party demand in May, 1977 against its branch manager, alleging he had allowed a third party (the contractor involved in the home improvement loan) to take possession of the loan documents to be signed by the Bolleters. Nevertheless, the bank persisted in prosecuting the suit against Mrs. Bolleter, requiring her to incur attorney’s fees and the cost of a handwriting expert and to undergo the anxiety of facing trial on a debt for which she clearly was not liable.[1] Finally, Mrs. Bolleter was *693 dismissed from the suit on December 15, 1977, the day before trial.
The irresponsible and unreasonable behavior by the credit officers for whom the bank is vicariously responsible caused damages for which reparation should be made under C.C. art. 2315 for the amount of legal and expert fees incurred and the mental anguish intentionally inflicted. I would grant a rehearing and reverse.

. Although Mrs. Bolleter’s reconventional demand only demanded damages caused by harassing phone calls in collection attempts, the evidence introduced without objection unquestionably expanded her pleadings under C.C.P. art. 1154.